# Cooper & Kirk
Lawyers
A Professional Limited Liability Company
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036

David H. Thompson
dthompson@cooperkirk.com

(202) 220-9600
Fax (202) 220-9601

May 5, 2015

**VIA ELECTRONIC FILING**
Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals
   for the Second Circuit
40 Foley Square
New York, NY 10007

Re: *Shew v. Malloy*, No. 14-319.

Dear Ms. Wolfe:

This Court should not follow *Friedman v. City of Highland Park, Illinois*, No. 14-3091, 2015 WL 1883498 (7th Cir. Apr. 27, 2015), in which a divided panel of the Seventh Circuit held that bans on semiautomatic firearms and ammunition magazines similar, in certain respects, to the bans at issue in this case did not violate the Second Amendment.

The *Friedman* majority relied on an idiosyncratic and unprecedented three-part test that is contrary to *Heller* at every turn: "whether a regulation bans weapons that were common at the time of ratification or those that have some reasonable relationship to the preservation or efficiency of a well regulated militia, and whether law-abiding citizens retain adequate means of self-defense." 2015 WL 1883498, at *3 (quotation marks omitted).

*First*, *Heller* rejected as "bordering on the frivolous" the argument "that only those arms in existence in the 18th century are protected by the Second Amendment" and made clear that "the Second Amendment extends, prima facie, to *all* instruments that constitute bearable arms, even those that were not in existence at the time of the founding." 554 U.S. 570, 582 (2008) (emphasis added).

*Second*, *Heller* specified that all firearms "typically possessed by law-abiding citizens for lawful purposes" are constitutionally protected, while those

that are "highly unusual in society at large" are not. 554 U.S. at 625, 627. Any inquiry into whether a firearm would be useful for militia purposes is irrelevant.

*Third*, *Heller* rejected the proposition that the availability of non-banned arms can justify a firearm ban, *see* 554 U.S. at 629, and foreclosed any inquiry into "what sort of guns are necessary for self-defense," *McDonald v. City of Chicago*, 561 U.S. 742, 923 (Breyer, J., dissenting); *see id.* at 790–91 (plurality).

In short, only by ignoring "the central holdings of *Heller* and *McDonald*" was the *Friedman* majority able to deny that a law "prohibiting a class of weapons commonly used throughout the country" is consistent with the Second Amendment. 2015 WL 1883498, at *6 (Manion, J., dissenting). This Court should not—and, indeed, is not free to—do the same.

Sincerely,

s/ David H. Thompson
David H. Thompson
COOPER & KIRK, PLLC
1523 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
*Attorney for Plaintiffs-Appellants*

cc: Counsel of record (via ECF)